IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **GENERAL ELECTRIC CAPITAL CORPORATION,** : | |
| Plaintiff, : | |
| v. : | 7:04CV10 (DF) |
| **BOSS TRANSPORTATION, INC. and ELIZABETH TERRELL,** : | |
| Defendants. : | |

# O R D E R

This matter is before the Court on Plaintiff/Judgment Creditor General Electric Capital Corporation's ("GE") Motion for Civil Contempt (tab 25). GE requests that the Court hold Defendant/Judgment Debtor Boss Transportation, Inc. and Elizabeth Terrell (collectively "Boss") in contempt of court for failing to comply with the Court's December 22, 2004 order compelling Boss to respond to GE's repeated discovery requests. Invoking the Court's contempt powers under Rule 37(b)(2)(D) of the Federal Rules of Civil Procedure, GE seeks an imposition of appropriate sanctions to compel Boss's immediate compliance. GE also moves to recover the fees and costs incurred as a result of having to pursue this matter.

**I.     BACKGROUND**

This case was settled on May 10, 2004. According to the terms of the settlement, Boss agreed to pay GE $260,721.54. Upon being advised of the settlement, the Court dismissed the case without prejudice, giving the parties 90 days within which to reopen the

case in the event that the settlement was not consummated. Boss failed to satisfy its obligation under the settlement and, within the 90-day window, GE filed a motion to reopen the case, which the Court granted on August 18, 2004. The Court entered judgment against Boss in an amount of $260,721.54.

Thereafter, GE sought discovery from Boss in an effort to locate assets which could be used to satisfy the judgment. GE sent Boss interrogatories, requests for production of documents, and deposition notices. GE conferred in good faith with counsel for Boss, but after several attempts to reschedule oral depositions and retransmit written discovery Boss failed to cooperate fully. On December 8, 2004, GE filed a motion to compel pursuant to Rules 37 and 69 of the Federal Rules of Civil Procedure. The Court granted GE's motion on December 22, 2004 (tab 23). The Court's order required the parties to schedule an oral deposition of Elizabeth Terrell and a representative of Boss Transportation; it directed Boss to provide verified answers to GE's interrogatories and written responses to GE's requests for production of documents; it directed Elizabeth Terrell to provide written responses to GE regarding whether she has any documents pertinent to GE's request for production of documents; it directed Elizabeth Terrell to provide verified answers to GE's interrogatories; and it set forth deadlines of January 5, 2005, and January 7, 2005, for the filing of responses and the examination of documents, respectively. The Court further found that Boss's failure to comply with GE's discovery requests was without substantial justification under Rule 37(a)(4) of the Federal Rules of Civil Procedure.

On February 7, 2005, after Boss's continued noncompliance with GE's discovery requests and the Court's December 22, 2004 order compelling Boss's cooperation, GE

filed the instant Motion for Civil Contempt (tab 25).

**II.     DISCUSSION**

"If a party or . . . agent of a party . . . fails to obey an order to provide or permit discovery, *including an order made under subdivision (a) of this rule* [37][1] . . . the court in which the action is pending may make such orders in regard to the failure as are just." Fed. R. Civ. Pro. 37(b)(2) (West 1992). Among the sanctions available to a court under Rule 37 is "an order treating as a contempt of court the failure to obey any orders" compelling discovery. Fed. R. Civ. Pro. 37(b)(2)(D).

"Civil contempt sanctions may be imposed for either or both of two distinct purposes, to coerce compliance with a court order, and to compensate the complainant for actual losses sustained by him as the result of the defendants' contumacy." **In re Chase & Sanborn Corp.**, 872 F.2d 397, 400-01 (11th Cir. 1989). Coercive fines are payable to the registry of the court, not to the complainant, and are considered civil in nature when they are imposed solely to bring contemnor into compliance with the Court's order, rather than for punitive purposes. See **Lamar Fin. Corp. v. Adams**, 918 F.2d 564, 566 (5th Cir. 1990). Before imposing such a fine, the court "'must consider the character and magnitude of the harm threatened by the continued contumacy, and the probable effectiveness of any suggested sanction bringing about the result desired.'" **In re Chase & Sanborn Corp.**, 872 F.2d at 401 (quoting **United States v. United Marine Workers of Am.**, 330 U.S. 258, 304 (1947)).

---

[1] The Court's December 22, 2004 order compelling Boss to comply with GE's discovery requests was entered pursuant to Rule 37(a).

The Court has considered these factors and finds that a daily fine—conditioned on Boss's continued noncompliance with GE's discovery requests and the order of this Court—is necessary to force Boss to satisfy the $260,721.54 judgment. Boss agreed to pay this amount to GE on May 10, 2004. It did not do so. GE reopened the case to enforce the settlement, and this Court entered judgment against Boss on August 20, 2004. To date Boss has yet to satisfy any portion of the judgment. GE has repeatedly, for the better part of one full year, attempted to get information from Boss concerning the location of its assets. Boss has been dilatory and unresponsive every step of the way. Every day that Boss does not comply with GE's discovery requests puts GE one day further from collecting on its judgment. Furthermore, the Court finds that a daily fine is the sort of sanction that will force Boss to act. Therefore, the Court will give Boss 10 days from the date of this order to begin cooperating with GE. Should it fail to do so, Boss will thereafter be subject to a daily fine in the amount of $500 for every day that it remains in noncompliance with the court's December 22, 2004 order.

GE also requests that it be compensated for the fees and costs associated with preparing its motion for contempt. Such an award is mandatory under Rule 37(b)(2), unless a party's failure to comply with the court order was substantially justified. Boss has not demonstrated that its behavior was justified in any regard. The Court's December 22, 2004 order also directed Boss to pay the reasonable expenses, including attorney's fees, incurred as a result of its failure to respond to GE's discovery requests. Such an award is authorized by Rule 37(a)(4) after the Court "afford[s] [the non-movant] an opportunity to be heard."

The Court will therefore hold a hearing on the issue of attorney's fees and expenses for both Boss's original failure to comply with GE's discovery requests and for its failure to comply with the December 22, 2004 order of the Court.  GE shall be prepared to demonstrate with specificity[2] the expenses and fees associated with (1) filing its December 8, 2004 motion to compel, and (2) filing its February 7, 2005 motion for contempt.  The hearing on this matter will be held at 1:30 p.m. on Wednesday, May 18, 2005.

This hearing is unrelated to and independent from the civil fine described above, which will commence on Tuesday, May 10, 2005 if, by that date, Boss has not come into compliance with the Court's previous order to compel.

### III.   CONCLUSION

For the foregoing reasons, the portion of GE's motion for civil contempt requesting an award of fees and expenses is hereby **GRANTED**, with an appropriate amount to be established at the hearing described above.  The portion of GE's motion seeking a sanction against Boss for failing to comply with the December 22, 2004 order to compel is hereby **GRANTED**, with a $500 per day fine commencing on May 10, 2005 and continuing every day that Boss remains noncompliant.  Should Boss bring itself into compliance before May 10 the fine will not take effect.

SO ORDERED, this 25th day of April, 2005.

                                                              **/s/ Duross Fitzpatrick**
                                                              DUROSS FITZPATRICK, JUDGE
                                                              UNITED STATES DISTRICT COURT

DF/sew

---

[2] In calculating its request for fees and expenses, GE is directed to use Local Rule 54.1 as a guide.